134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jonathan E. MATHIS, Plaintiff-Appellant,
v.
John R. ODEN, an individual; The University of California
San Diego Medical Center; The University of San
Diego; Regents of the University of
California; Does 1-10,
Defendants-Appellees.
 No. 96-56529.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided January 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jonathan E. Mathis appeals pro se the district court's summary judgment in favor of defendants in Mathis's action alleging that defendants decided to eliminate his position in retaliation for filing Equal Employment Opportunity Commission ("EEOC") and Department of Fair Employment and Housing discrimination complaints. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994), and we affirm.
 
 
 3
 Defendants submitted a declaration by John Oden, the employee who decided to eliminate Mathis's position, stating that at the time he made the decision he was unaware of Mathis's 1993 EEOC complaint against the University. Because Mathis did not submit any evidence to contradict Oden's statement, he failed to show a causal link between the filing of his 1993 EEOC complaint and the University's decision to eliminate his position. See id. at 891.
 
 
 4
 Accordingly, because Mathis failed to establish a prima facie case of retaliation, summary judgment for the University was proper. See id.[1]
 
 AFFIRMED.[2]
 
 
 **
 Because we unanimously find this case suitable for decision without oral argument, we deny Mathis's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Also, as explained by the district court, even if Mathis had established a prima facie case of discrimination on this retaliation claim, the University offered a legitimate nonretaliatory reason for eliminating Mathis's position when it alleged that the elimination of all middle management positions was in response to the 1993 budget crisis. Mathis produced no evidence suggesting that the University's explanation was pretextual. Thus summary judgment could have been sustained on these grounds. See Wallis, 26 F.3d at 890
 
 
 [2]
 We construe Mathis's information request, received by this court on June 2, 1997, as a motion to compel production of evidence. So construed, his motion is denied